**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Joshua W. Lewis (#M-32670), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 2349 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Rosecrance Ware Center, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

      Plaintiff's application for leave to proceed *in forma pauperis* [14] is granted. The court authorizes and orders the trust fund officer at plaintiff's place of incarceration to deduct $11.00 from plaintiff's trust fund account when funds become available for payment to the Clerk of Court as an initial partial filing fee and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at Stateville Correctional Center. However, plaintiff's action is dismissed because the amended complaint [13] again fails to state a claim. Plaintiff's motion for attorney representation [15] is also denied. The case is terminated.

## **STATEMENT**

      Plaintiff Joshua W. Lewis, an Illinois state prisoner, brought this *pro se* civil rights action under 42 U.S.C. § 1983 against Rosecrance Ware Center and the Winnebago County Jail, alleging that defendants denied him treatment for his mental health issues during his incarceration at the Jail. Because plaintiff failed to allege facts in his initial complaint from which the court could infer liability against Rosecrance or the Jail, plaintiff was given an opportunity to amend his complaint. Plaintiff also was required to submit an amended application for leave to proceed *in forma pauperis*. Before the court are plaintiff's amended application for leave to proceed *in forma pauperis*, amended complaint for initial screening, and motion for attorney representation.

      Plaintiff has established that he does not have the ability to pre-pay the filing fee. The court therefore grants plaintiff's motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $11.00. The trust fund officer at plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District

Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. This payment obligation will follow plaintiff wherever he may be transferred.

Plaintiff's amended complaint, however, must be dismissed because it again fails to state a federal cause of action. Under 28 U.S.C. § 1915A, the court must conduct an initial review of prisoner complaints against government entities or employees, and will dismiss the complaint or any claim within it that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). An action fails to state a claim if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[t]he complaint must contain sufficient factual matter, accepted as true," to show that the pleader is entitled to relief. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see* Fed. R. Civ. P. 8(a)(2).

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *County of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998) (explaining that deliberate indifference claims against jail personnel arise under the Fourteenth Amendment rather than the Eighth Amendment). To state a claim that defendants acted with deliberate indifference to his medical needs, a plaintiff must be able to show that his medical need was objectively serious and that the defendants acted with a deliberate indifference to that need. *Norfleet v. Webster*, 439 F.3d 392, 395 (7th Cir. 2006). Here, documents attached to plaintiff's amended complaint show that plaintiff was diagnosed with various mental health issues, including schizoaffective disorder, posttraumatic stress disorder, and antisocial personality disorder, prior to his arrest. The court therefore will assume for purposes of screening that plaintiff suffers from an objectively serious medical condition.

Plaintiff's claims must nevertheless fail. With regard to Winnebago County Jail, which plaintiff has again named, this court previously explained that the Jail is not a suable entity. *See* [8] at 2. With regard to the individual defendants, to the extent they are alleged to be affiliated with the Jail, plaintiff has alleged no facts from which the court may infer that jail personnel knew about plaintiff's diagnoses or that jail personnel were deliberately indifferent to plaintiff's need for treatment. Specifically, plaintiff alleges in his amended complaint that, after he was admitted to the Jail, he "went on the kiosk and filled out a sick call slip" to let the Jail know that he "has mental help [sic] issues and needed his meds." [13] at 5. Plaintiff also mailed a letter to Rosecrance "because [he] couldn't get anyone to contact him on the kiosk." *Id.* When plaintiff still did not receive a response from Rosecrance, he contacted his mother "to get his treatment plan" and eventually received it, but not until after he had been transferred from the Jail to Stateville Correctional Center. *Id.* at 5-6. While plaintiff may not have received his treatment plan as quickly as he would have liked, plaintiff's allegations show at most a delay in communication between Rosecrance and the Jail concerning plaintiff's diagnoses and treatment. Moreover, the documents attached to plaintiff's complaint show that "Megan RWC/Winnebago Cty Jail" attempted to obtain information from plaintiff so that she could locate his records. *Id.* at 9.

Plaintiff's allegations therefore suggest negligence rather than deliberate indifference, but negligence does not violate the constitution. *See Estelle*, 429 U.S. at 103-04.

With regard to the allegations against Rosecrance, as well as the individual defendants to the extent they are alleged to be affiliated with Rosecrance, this court has previously noted that plaintiff's allegations are insufficient to make plausible that Rosecrance or its agents were acting under color of state law. *See* [8] at 2-3. Because the allegations in the amended complaint have not changed substantially in this regard, the claims against those defendants must also fail. Plaintiff has again failed to state a claim against any of the defendants, and thus the action [13] must be dismissed.

For the same reason, plaintiff's motion for attorney representation is denied. "There is no constitutional or statutory right to counsel in federal civil cases." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Here, because plaintiff has repeatedly failed to allege an arguable federal cause of action after being advised by the court of the requirements of § 1983 pertinent to the facts plaintiff alleged, appointing counsel would not be appropriate as counsel's assistance would not be able to state a cause of action under the facts stated by plaintiff.

Date: 6/26/2015 ENTER:

*Philip G. Reinhard*

United States District Court Judge

Docketing to Mail Notices. (AW)